UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3058 PA (SHx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Robert Lee Manning, Jr. v. Housing Authority of the City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Motion for Summary Judgment filed by defendant Housing Authority of the City of Los Angeles ("Defendant") (Docket No. 95). Plaintiff Robert Lee Manning, Jr. ("Plaintiff") has not filed an opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 13, 2014, is vacated, and the matter taken off calendar.

**I.   Factual and Procedural Background**

Plaintiff filed this action on April 17, 2012 against Cozena Shelton, David T. Quezada, and Charles E. Hauptman, each of whom were employees of the United States Department of Housing and Urban Development ("HUD") at all times relevant to the Complaint, and the Housing Authority of the City of Los Angeles ("HACLA"). Plaintiff's Complaint alleges violations of the Fair Housing Act, 42 U.S.C. §§ 3600 et seq. On February 25, 2013, the Motion to Dismiss filed by defendants Cozena Shelton, David T. Quezada, and Charles E. Hauptman was granted.

Plaintiff submitted an Application for benefits under the Section 8 Housing program on November 13, 2003. At the time of the submission, there were thousands of individuals on the waiting list. Plaintiff's name was added in the order of his application date. In 2006, Defendant was ordered by HUD to re-certify its waiting list for the Section 8 program. This involved subcontracting with an outside vendor. As a result of that process, approximately 70,000 names were deleted from the waiting list. Plaintiff's name was inadvertently one of the names deleted.

In 2008, the situation was brought to Defendant's attention when Plaintiff filed a complaint with HUD. After a mediation with HUD, Plaintiff and Defendant entered into a Voluntary Compliance Agreement ("VCA"), which provided that Plaintiff's name would be placed back on the waiting list in the same priority location as it would have been had his name not been deleted. The VAC additionally stated that Defendant anticipated Plaintiff would be scheduled for an interview to determine Section 8 voucher eligibility within six months.

Plaintiff's name was returned to the waiting list. Since 2008, Defendant has provided over 11,000 vouchers to qualified individuals. Plaintiff's name remains approximately 4,000 names from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3058 PA (SHx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Robert Lee Manning, Jr. v. Housing Authority of the City of Los Angeles, et al. | | |

top of the list. The last application date for which a voucher was available was in April 2003. As of July 2013, the entire Section 8 program was fully subscribed. The waiting list is presently closed to any further applicants due to the lack of available funding and Section 8 vouchers. Of the approximately 11,000 vouchers issued from the waiting list since 2008, more than half have been issued to African Americans.

Plaintiff alleges in the Complaint that Defendants are continuing to discriminate and cause him humiliation because he is an African American male. Plaintiff further alleges that he filed a complaint with HUD in 2008 asserting that he had not received a Section 8 voucher because of his race. Defendant HACLA now moves for summary judgment.

**II.    Legal Standard**

FRCP 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Id. at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party." Id. at 631 (citation omitted). Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party. Id. at 630-31. However, when the non-moving party's claims are factually "implausible, that party must come forward with more persuasive evidence than would otherwise be [required] . . . ." California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir 1987), cert denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L. Ed. 2d 650 (1988) (citation omitted). "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." Id. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

**III.    Analysis**

The United States Supreme Court has established a burden-shifting test for trying claims of discrimination. First, the plaintiff must demonstrate a prima facie case of discrimination; second, if the plaintiff succeeds, the defendant must "articulate some legitimate, nondiscriminatory reason" for its actions; finally, if the defendant meets its burden, the plaintiff must demonstrate "that the legitimate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3058 PA (SHx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | Robert Lee Manning, Jr. v. Housing Authority of the City of Los Angeles, et al. | | |

reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." See Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1991); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000) (quoting Burdine, 450 U.S. at 253).

Plaintiff's Complaint alleges that he filed a complaint with HUD in 2008 asserting that he had not received a Section 8 voucher because of his race. The Complaint further alleges that "Plaintiff was told by a Section 8 employee that there were lots of racisms and inverse racisms happening against mostly African American males with the Housing Authority's own office."

Defendant has submitted evidence that Plaintiff's place on the waiting list is not affected by his race, gender, ethnicity, or socioeconomic status; it is determined solely by the date of his application for benefits. Currently, the Section 8 program is fully subscribed. There are no new vouchers available under current funding. The last new voucher was issued in July 2013, and the recipient had an application date in April 2003. Plaintiff submitted his application in November 2003. Plaintiff's position on the waiting list is approximately number 4,000 based on his application date. Further, Defendant has submitted evidentiary declarations that since 2008 more than 50% of all Section 8 vouchers issued by the Housing Authority have gone to African American applicants, and the 2010 Census data indicates that the African American population of the City of Los Angeles is 9.6%.

Plaintiff has not submitted an Opposition nor has he provided any direct evidence of racial discrimination by Defendant.[1] The fact that Plaintiff has not yet received a Section 8 voucher, by itself, does not establish discrimination. Defendant has articulated a nondiscriminatory reason for its actions, and Plaintiff has failed to demonstrate that the legitimate reasons offered by Defendant were a pretext for discrimination.

### Conclusion

For all of the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.

---

[1] Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."). Here, summary judgment is proper on the merits.